■ In the Matter of NIKI ROSSAKIS, Petitioner, v YORKA C. LINAKIS et al., Respondents. [605 NYS2d 390] —Proceeding pursuant to CPLR article 78 in the nature of prohibition, *inter alia,* to bar enforcement of an order of the Supreme Court, Queens County, dated October 18, 1993, which, *inter alia,* granted the People's motion to preclude the petitioner from offering psychiatric and/or psychological evidence at the trial of Queens County Indictment No. 444/93, unless she first files a notice pursuant to CPL 250.10 and submits to a psychiatric and/or psychological examination by the People.

Motion by the respondent District Attorney of Queens County to dismiss the petition.

Ordered that the motion is granted; and it is further,

Adjudged that the proceeding is dismissed, without costs or disbursements.

The extraordinary writ of prohibition is available only

where there exists a clear legal right, and only in those cases where a court acts or threatens to act in excess of its authorized powers *(see, Matter of Holtzman v Goldman,* 71 NY2d 564, 569; *Matter of Rush v Mordue,* 68 NY2d 348, 353). It is never available "merely to correct or prevent trial errors of substantive law or procedure, however grievous" *(LaRocca v Love,* 37 NY2d 575, 579), nor is it available if there exists an adequate remedy by way of appeal or otherwise *(see, Matter of Molea v Marasco,* 64 NY2d 718, 720; *Matter of Morganthau v Erdbaum,* 59 NY2d 143).

In the instant case, the court's conditional order of preclusion was within its discretion, and, unless otherwise waived, may be subject to review on appeal from any judgment of conviction. As the petitioner has an adequate remedy at law, the petition must be dismissed. Mangano, P. J., Rosenblatt, Lawrence and O'Brien, JJ., concur.