■ In the Matter of ABRAHAM HIRSCHFELD, Petitioner, v MARCY FRIEDMAN et al., Respondents. [763 NYS2d 580] —Application pursuant to CPLR article 78 seeking to prohibit respondent Supreme Court Justice from considering, deciding or entering any order in connection with criminal contempt hearings conducted by two Special Referees, unanimously denied, and the petition dismissed, with costs. Cross motion granted to the extent of directing petitioner to pay $5,000 in sanctions to the Lawyers' Fund for Client Protection, and further directing that petitioner and any other person acting on his behalf are prohibited from bringing any new appeal or proceeding in this Court or any other New York State appellate court, without prior order of this Court. The Clerk of the Supreme Court, New York County, is directed to enter judgment accordingly.

This is an original proceeding brought pursuant to CPLR article 78 seeking relief in the nature of prohibition. Petitioner Abraham Hirschfeld seeks to prohibit the respondent Justice from considering or entering any order relating to separate motions to confirm the reports and recommendations made by two Special Referees recommending that petitioner be held in civil and criminal contempt for violating a previous order of another Justice. Petitioner alleges that respondent Justice lacks subject matter jurisdiction over the contempt proceedings.

The contempt proceedings arose out of an underlying civil action commenced by petitioner against his former partner,

Stanley Stahl, now deceased, concerning their partnership Stahl Associates (*Hirschfeld v Stahl*, Index No. 323809/92, Sup Ct, NY County [hereinafter Stahl Action]). In addition to the Stahl Action, petitioner has commenced at least 12 additional actions or proceedings in the past decade arising out of these matters. Respondents Richard F. Czaja and Gregg Wolpert, coexecutors of Stahl's estate (coexecutors), are named as defendants in several of these actions. As a result of petitioner's litigiousness, on May 6, 1999 the prior Justice issued an order (May 6 order) stating: "[B]efore Mr. Hirschfeld or any of his entities * * * can institute an action against anybody whose name appears in the [Partnership] documents which are to be examined, leave must be maintained from me."

After petitioner or one of his entities commenced two civil actions in Supreme Court, Kings County (*PY Assoc., Ltd. v Morgenthau*, Index No. 42698/00; *Hirschfeld v Morgenthau*, Index No. 34756/00 [hereinafter Kings County Actions]), as well as an action in federal court, the coexecutors moved to hold petitioner in civil and criminal contempt for violating the May 6 order. By orders dated April 11 and December 4, 2000, the prior Justice referred the issues raised in the application to Special Referee Howard G. Leventhal to hear and report.

Thereafter, petitioner commenced four additional actions in Supreme Court, New York County (*Hirschfeld v Wolpert*, Index No. 602145/01; *Hirschfeld v Dziuba*, Index No. 107644/01; *Hirschfeld v Czaja*, Index No. 108113/01; *Hirschfeld v Marcus, Rosenberg & Diamond LLP*, Index No. 601185/01). As a result, the coexecutors again moved to hold petitioner in civil and criminal contempt and by order dated July 5, 2001, the prior Justice referred these matters to Special Referee Leslie S. Lowenstein to hear and report.

By referee's decision and report, Special Referee Leventhal recommended that petitioner be held in civil and criminal contempt for twice violating the May 6 order by commencing the Kings County Actions. Leventhal recommended that petitioner be fined at least $13,193, serve two consecutive 30-day terms of incarceration and be enjoined from commencing further vexatious litigation. By referee's decision and report, Special Referee Lowenstein recommended that petitioner be held in civil and criminal contempt for four violations of the May 6 order, and that he be fined $5,375, sanctioned $10,000 for frivolous conduct under 22 NYCRR 130-1.1 and that he serve four consecutive 30-day terms of incarceration. The coexecutors have moved to confirm both reports and recommendations.

In the instant petition, petitioner alleges that the court lacks subject matter jurisdiction over the contempt proceedings by reason of the coexecutors' failure to personally serve him with the order to show cause to hold him in contempt as required by Judiciary Law § 750 and the case law. Petitioner contends that the lack of personal service renders the proceedings before the Special Referees a "legal nullity," and therefore, the respondent Justice has no jurisdiction to consider the coexecutors' motions to confirm the reports and recommendations. In addition, petitioner claims that the contempt proceedings should be "voided" because of numerous violations of his constitutional rights during the contempt hearings.

Petitioner has failed to demonstrate that he is entitled to article 78 relief in the nature of prohibition. Prohibition is an extraordinary remedy which is available only when a clear legal right to relief exists, and, in cases where judicial authority is challenged, where the court "acts or threatens to act either without jurisdiction or in excess of its authorized powers" (*Matter of Holtzman v Goldman*, 71 NY2d 564, 569 [1988]). Moreover, prohibition is available only when a court exceeds its jurisdiction in a manner that implicates the legality of the proceeding itself (*see id.*; *Matter of Rush v Mordue*, 68 NY2d 348, 352 [1986]; *Matter of State of New York v King*, 36 NY2d 59, 64 [1975]). Prohibition is "never available merely to correct or prevent trial errors of substantive law or procedure, however grievous." (*La Rocca v Lane*, 37 NY2d 575, 579 [1975], *cert denied* 424 US 968 [1976].)

Petitioner's allegations that respondent Justice lacked jurisdiction over the contempt proceedings is baseless. Respondent Justice plainly had subject matter jurisdiction over any and all motions in the underlying civil action before it, as well as any proceeding arising out of said action seeking to hold one of the parties in civil or criminal contempt (*see* NY Const, art VI, § 7; Judiciary Law §§ 750, 753). The cases cited by petitioner do not support his argument that the court lacks subject matter jurisdiction over the instant matter, as those cases held that the failure to personally serve the alleged contemnor in a criminal contempt proceeding required dismissal of those proceedings for lack of *personal* jurisdiction (*see e.g. Pitt v Davison*, 37 NY 235, 238-239 [1867]; *Matter of Murray [Commissioner of Social Servs. of City of N.Y.]*, 98 AD2d 93, 98 [1983]; *People v Balt*, 34 AD2d 932, 933 [1970]).

In any event, even if an act in excess of jurisdiction were established, the remedy of prohibition is not granted as of right, but only in the sound discretion of the reviewing court (*Matter*

*of Holtzman*, 71 NY2d at 569). Courts will rarely entertain prohibition "when doing so interferes with normal trial and appellate procedures by permitting collateral review of matters which could be cured upon direct appeal" (*id.*). Thus, where a petitioner may obtain judicial review of his claim on direct appeal from a judgment of conviction, prohibition will not lie (*Matter of Veloz v Rothwax*, 65 NY2d 902, 904 [1985]; *Byron O. Taxi, Inc. v Swartz*, 278 AD2d 108, 109 [2000]; *Rossakis v Linakis*, 199 AD2d 509, 510 [1993]).

In the instant matter, petitioner has an adequate remedy at law by virtue of his right to appeal from any final judgment of contempt, at which time he may present his arguments concerning lack of jurisdiction, the deprivation of constitutional rights and the alleged vagueness of the order giving rise to the contempt motions. Accordingly, as petitioner has failed to demonstrate a clear legal right to prohibition, the cross motions by the coexecutors and the respondent Justice are granted and the petition dismissed (CPLR 7804 [f]).

With respect to that portion of the coexecutors' cross motion for sanctions pursuant to 22 NYCRR 130-1.1, we note that an order of the prior Justice, dated July 5, 2001, which referred the coexecutors' second application to hold petitioner in contempt for a hearing, also included the specific direction: "ORDERED that Abraham Hirschfeld and any other person acting with or on behalf of him are enjoined and restrained from commencing any new action or proceeding in any court of the State of New York, without prior order of this Court."

Petitioner's filing of the instant article 78 petition violated the explicit terms of that unambiguous order, and was clearly designed to interrupt the timely resolution of the contempt proceedings. Moreover, as overwhelming legal authority establishes that petitioner's claims concerning lack of jurisdiction and constitutional violations during the course of the contempt proceedings constitute, at most, errors of substantive law or procedure, there was no basis for bringing an article 78 proceeding seeking prohibition. Based on these facts, we find petitioner engaged in frivolous conduct by bringing a legal proceeding which was "undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another" (22 NYCRR 130-1.1 [a], [c] [2]), and which is "completely without merit in law" (22 NYCRR 130-1.1 [a], [c] [1]). Thus, sanctions against petitioner under part 130 are appropriate.

Accordingly, we grant the coexecutors' cross motion to the extent of sanctioning petitioner $5,000 for frivolous litigation

practice, an amount we believe is necessary to emphasize that his disregard of court orders and commencement of baseless legal proceedings will not be tolerated. We further direct that Abraham Hirschfeld and any other person acting on his behalf are prohibited from bringing any new appeal or proceeding in this Court or any other New York State appellate court, without prior order of this Court. Concur—Mazzarelli, J.P., Saxe, Sullivan, Ellerin and Gonzalez, JJ.