OPINION OF THE COURT
Alice Schlesinger, J.
*978 Petitioner Lorraine Goldman commenced this proceeding pursuant to article 78 of the Civil Practice Law and Rules after she was dismissed by her employer, respondents White Plains Center for Nursing Care, LLC and NMC Acquisition, LLC, as administrative director of the Nathan Miller Center for Nursing Care, Inc. Claiming that her employment was wrongfully terminated and that she was replaced by a younger person in violation of her employment agreement and article 15 of the Human Rights Law, Goldman seeks reinstatement, back pay, and employee benefits. NMC has moved to dismiss the petition pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, and Goldman has opposed.
Background Facts
The Miller Center, a not-for-profit corporation organized under the laws of the State of New York, is comprised of a nursing home, a foster care program, and related health and family programs. Goldman began working for the Miller Center in 1979. On April 1, 1990, she became administrative director of the Center pursuant to a written employment agreement between the parties. The agreement was for “a term of two (2) years commencing April 1, 1990, subject to the terms of Section 6 hereof (the ‘Employment Period’).” To the extent relevant here, section 6 provides that “[t]his Agreement may be terminated ... by either party giving notice to the other at least six (6) months prior to the end of the Employment Period of its intention not to renew this Agreement in accordance with the notice provisions of Section 9.” Goldman’s employment continued, with satisfactory evaluations and regular salary increases confirmed by letter through the period 2002-2003.
By agreement dated March 8, 2001, the Miller Center agreed to sell its assets to NMC.[1] In accordance with that agreement, as amended, the Miller Center and NMC executed a document dated October 27, 2004 and entitled “Assignment and Assumption of Contracts” pursuant to which the Miller Center assigned, and NMC assumed, various contracts. Included in the list of contracts attached as exhibit A is “Lorraine Goldman, Administrative Director; employment contract.”
On January 19, 2005, NMC discharged Goldman, and Goldman promptly filed the instant article 78 petition. NMC has *979 moved to dismiss, arguing that article 78 relief is not available for a breach of contract claim against a nongovernmental body. NMC further argues that, even if article 78 does apply, Goldman has failed to state a cause of action for breach of contract because Goldman was an employee-at-will subject to termination at any point in time. Goldman has opposed the motion, arguing that article 78 relief is appropriate because NMC is subject to state law and because Goldman’s contract was never terminated pursuant to section 6. Finally, Goldman urges this court to convert this proceeding to a plenary action pursuant to CPLR 103 (c), rather than dismiss it, should the court determine that article 78 relief is not available.
Goldman Has Stated a Claim under CPLR Article 78
NMC errs in arguing here that CPLR article 78 applies only to governmental bodies. Article 78 was designed to facilitate requests for relief based on the common-law writs of mandamus, prohibition, and certiorari without regard to the technical distinctions between them. (Matter of Newbrand v City of Yonkers, 285 NY 164, 174 [1941].) In most article 78 proceedings, agents of state and local government are the named respondents because the writs evolved primarily as mechanisms to control governmental action. (Vincent C. Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C7802:l [1994 ed].) However, the reach of article 78 is far broader and includes “every court, tribunal, board, corporation, officer, or other person, or aggregation of persons, whose action may be affected by a proceeding under this article.” (CPLR 7802 [a] [emphasis added].) Thus, consistent with the legislative intent, the statute on its face expressly applies to certain nongovernmental bodies, including corporations. (Id.)
The application of article 78 to corporations was extensively discussed in Matter of Weidenfeld v Keppler (84 App Div 235 [1st Dept 1903], affd 176 NY 562 [1903]), where an individual sought to be reinstated to membership in the New York Stock Exchange. While denying the requested relief on the ground that the Exchange was a voluntary unincorporated association of individuals governed by their own constitution rather than state law, the Appellate Division went to great lengths to distinguish such voluntary associations from corporations formed pursuant to law which are subject to article 78:
“The writ of mandamus lies to private corporations. This may be considered to be an exception to the general rule that this writ only runs to public offi *980 cers. However, such jurisdiction is well established, and the reason given is that such corporations are the creation of the government and that a supervisory or visitorial power is always impliedly reserved to see that corporations act agreeably to the end of their institution, that they keep within the limits of their lawful powers, and to correct and punish abuses of their franchises. Such visitorial power is exercised by the State through its common-law courts. It is the acceptance of the charter which subjects the corporation to the supervision of the proper legal authorities” (Weidenfeld, 84 App Div at 237, quoting Merrill, Mandamus § 157).
Stated otherwise,
“it appears that the bodies against which the writ has issued have all been beholden to the State for their franchise or charter or the exercise of their functions, or a right was involved which was derived from the State, and it was because the question presented thus partook of a public nature that the mandamus issued.” (Id. at 238-239.)
Having accepted a charter and thus become a “quasi-governmental body,” a corporation “can be compelled in an article 78 proceeding to fulfill not only obligations imposed upon them by State or municipal statutes but also those imposed by their internal rules.” (Matter of Gray v Canisius Coll. of Buffalo, 76 AD2d 30, 33 [4th Dept 1980], citing Matter of Auer v Dressel, 306 NY 427 [1954].) Thus, in Gray the Court held that article 78 relief would be available to resolve the question whether a private educational institution had wrongfully terminated the services of a faculty member in violation of the policies and procedures set forth in its manual. This principle was also espoused by the Court of Appeals in Maas v Cornell Univ. (94 NY2d 87 [1999]) and by our Appellate Division in Risley v Rubin (272 AD2d 198 [1st Dept 2000]) when determining to dismiss the plenary action commenced in each case.
Article 78 has been applied to corporations in a broad variety of circumstances. For example, in Matter of Auer v Dressel (306 NY 427 [1954]), it applied to compel a corporation to comply with its bylaws regarding governance. In Matter of Crane Co. v Anaconda Co. (39 NY2d 14 [1976]), it applied to compel the corporation to respect a shareholder’s right to inspect the corporate books and records. In Matter of Barry v The Players (147 App Div 704 [1st Dept 1911], affd 204 NY 669 [1912]), it *981 applied to compel an incorporated social club to reinstate a member who had been arbitrarily expelled. And in Matter of Sines v Opportunities For Broome (156 AD2d 878 [3d Dept 1989]), a labor foreman for a not-for-profit corporation utilized an article 78 proceeding to seek reinstatement and back pay, claiming that he had been dismissed arbitrarily in violation of the corporation’s internal rules.[2]
In the present case, the Nathan Miller Center for Nursing Care, Inc. is a not-for-profit corporation and respondents NMC Acquisition, LLC and White Plains Center for Nursing Care, LLC are limited liability companies formed pursuant to the laws of the State of New York, as stated in their assignment and assumption agreement. As such, they fall squarely within the reach of CPLR article 78 for the reasons stated above. Accordingly, this court denies that part of NMC’s motion which seeks dismissal on the ground that this proceeding was improperly commenced under article 78.
Conversion under CPLR 103 (c) is Proper
Even though an article 78 proceeding is technically permissible, Ms. Goldman’s claims are better resolved in a plenary action, where discovery is readily available and where full legal and equitable relief is available under the traditional rules of contract law and the sections of the Human Rights Law governing age discrimination. As the Court of Appeals recognized in Abiele Contr. v New York City School Constr. Auth. (91 NY2d 1, 7 [1997]), “there are circumstances in which the same [party’s] action may constitute a violation of contract and also be of a character that would support a claim for article 78 relief’ (quoting Matter of Goodstein Constr. Corp. v Gliedman, 117 AD2d 170, 176 [1986, Sandler, J.P., concurring], affd 69 NY2d 930 [1987]). In so stating, the Abiele court rejected the defense argument that only article 78 relief was available and declined to dismiss the contractor’s plenary action against the Construction Authority alleging wrongful termination of his contract. (See also Mitchell v Board of Educ. of City School Dist. of City of N.Y., 15 AD3d 279 [1st Dept 2005] [rejecting the claim that action for breach of stipulation settling disciplinary proceeding was barred by the four-month statute of limitations under article 78, finding that claim for lost pay could properly be resolved under the traditional rules of contract law].)
*982 In the case at bar, Goldman has stated colorable claims against NMC for breach of contract and age discrimination which are more appropriately litigated in a plenary action. Arguably, Goldman’s employment contract was renewed from year to year by her continuing to perform the same duties (Borne Chem. Co. v Dictrow, 85 AD2d 646, 648 [2d Dept 1981]), and NMC does not dispute that Goldman received repeated positive evaluations from the Miller Center over an extended period of time and was then replaced by a younger person when NMC took charge.
The form of Goldman’s action is irrelevant. As a substantive claim has been asserted, the court has the authority under CPLR 103 (c) to convert the claim from an article 78 proceeding to a plenary action. That section provides in relevant part that:
“If a court has obtained jurisdiction over the parties, a civil judicial proceeding shall not be dismissed solely because it is not brought in the proper form, but the court shall make whatever order is required for its proper prosecution. If the court finds it appropriate in the interests of justice, it may convert a motion into a special proceeding, or vice-versa, upon such terms as may be just . . . .”
This section has been construed to permit the conversion of an article 78 proceeding to an action (Matter of Lakeland Water Dist. v Onondaga County Water Auth., 23 NY2d 801 [1968]), or from an action to an article 78 proceeding (Manshul Constr. Corp. v Board of Educ. of City of N.Y., 154 AD2d 38 [1st Dept 1990]). Since there is no issue under the statute of limitations, this court finds that the interests of justice will be served by the conversion of Goldman’s article 78 proceeding to a plenary action.
Accordingly, it is hereby ordered that respondent’s motion is granted to the extent that Goldman’s claim shall be converted to a plenary action pursuant to CPLR 103 (c).

. It is unclear when the purchase was completed, as the documentation was not provided, but it appears that the Miller Center retained control at least through November 19, 2002 when it granted Goldman her most recent salary increase for 2002-2003.

. Although the Court disagreed on the merits, it specifically held that article 78 was available to review the claim. (156 AD2d at 879.)