*193 OPINION OF THE COURT
Richard Lee Price, J.
On June 29, 2005, a jury returned a verdict finding the defendant guilty of burglary in the third degree (Penal Law § 140.20). Sentencing was scheduled for July 18, 2005. On that date, as anticipated from pretrial discussions on the record, the People served a “Persistent Felony Information” upon the court and moved to have the defendant sentenced as a persistent felony offender, pursuant to Penal Law § 70.10. At the defendant’s request, the case was adjourned so that counsel could submit formal written opposition to being sentenced under that statute.
Defense counsel subsequently did file an extensive memorandum of law in opposition to the persistent felony offender statute, arguing its unconstitutionality. On the next appearance date, counsel confirmed defendant’s opposition on constitutional grounds, and pointed out that the strict notice requirements of CPL 400.20[1] had not been observed. Counsel also made an oral motion, pursuant to CPL 330.30 (1), to set aside the verdict on the ground that the defendant received ineffective assistance of counsel during the trial. The case was adjourned two weeks, to September 22, 2005, so that this motion could be submitted in writing, and an order, in compliance with CPL 400.20, was duly mailed out scheduling the persistent felony offender hearing for September 28, 2005. Prior to actually holding that hearing, however, defendant’s constitutional arguments must be addressed to determine whether that hearing should even be held. I note at the outset that, although given the opportunity to do so, the People have declined to respond to the defense memorandum.
Discussion
Penal Law § 70.10 provides that, upon a finding by the court that a defendant meets the statutory definition of a “persistent felony offender” (see Penal Law § 70.10 [1]),
“and when it is of the opinion that the history and character of the defendant and the nature and circumstances of his [or her] criminal conduct indicate *194 that extended incarceration and life-time supervision will best serve the public interest, the court, in lieu of imposing the sentence of imprisonment [normally set for the specified felony grade] for the crime of which such person presently stands convicted, may impose the sentence of imprisonment authorized by that section for a class A-I felony. In such event. . . the court’s opinion shall be set forth in the record.” (Penal Law § 70.10 [2] [emphasis supplied].)
CPL 400.20 (5), entitled “Burden and standard of proof; evidence,” puts the burden of proof upon the prosecutor and enjoins the trial judge to make his or her findings as to whether a defendant is a persistent felony offender[2] “upon proof beyond a reasonable doubt by evidence admissible under the rules applicable to the trial of the issue of guilt.” The statute further provides that:
“Matters pertaining to the defendant’s history and character and the nature and circumstances of his criminal conduct may be established by any relevant evidence, not legally privileged, regardless of admissibility under the exclusionary rules of evidence, and the standard of proof with respect to such matters shall be a preponderance of the evidence.” (CPL 400.20 [5].)
The People, through the persistent felony information, assert that the defendant meets the statutory definition because he was previously convicted of three felonies on three separate dates. For purposes of this discussion, the defendant’s eligibility for sentencing as a persistent felony offender is assumed, although if a hearing is held, the People must establish this premise beyond a reasonable doubt. (CPL 400.20 [5].) Ordinarily under the Penal Law, defendant’s present conviction, a class D felony, would permit the court to sentence him to no less than 2 to 4 years and no more than 3V2 to 7 years in prison. {See Penal Law § 70.06 [3].) If the defendant is, instead, sentenced within the range specified for an A-I felony (as permitted by the persistent felony offender section), he could receive a minimum *195 sentence of no less than 15 years to life imprisonment and a maximum sentence of 25 years to life. (See Penal Law § 70.00 [2] [a]; [3] [a] [i].)
In opposition, defendant urges a line of recent cases from the United States Supreme Court, beginning with Apprendi v New Jersey (530 US 466 [2000]), followed by Ring v Arizona (536 US 584 [2002]), and Blakely v Washington (542 US 296 [2004]), and, to a lesser extent, this year’s decision in United States v Booker (543 US 220 [2005]). Counsel reads these cases to bar any statutory scheme which permits an enhancement of a defendant’s sentence based upon a fact which has not previously been found, beyond a reasonable doubt, by the trier of fact at trial. In other words, because defendant “may” be sentenced as if he had committed an A-I felony if the court finds (and states on the record) facts established by a preponderance of the evidence which inform the court’s decision to so sentence him, New York’s persistent felony offender scheme violates the Apprendi rule.
In Apprendi v New Jersey, the Court confronted a New Jersey hate-crime statute that permitted a 20-year sentence, rather than the usual 10-year maximum sentence, where, under the hate-crime statute, the judge found that the crimes at issue— two counts of possession of a weapon and one count of possession of an antipersonnel bomb — were committed “with a purpose to intimidate . . . because of race, color, gender, handicap, religion, sexual orientation or ethnicity.” (Apprendi, supra, 530 US at 469.) In finding that the statute violated the Constitution, the Court announced a new rule of Sixth Amendment jurisprudence that, “[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.” (Id. at 490.) This pronouncement was stated as confirmation of the decision in Jones v United States (526 US 227 [1999]), in which the Court declared that
“under the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt.” (Id. at 243 n 6.)
Hence, the Apprendi court made clear that “[i]t is unconstitu *196 tional for a legislature to remove from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed. It is equally clear that such facts must be established by proof beyond a reasonable doubt.” (Apprendi, 530 US at 490.)
Two years later, in Ring v Arizona, the High Court struck down a law authorizing the death penalty — a penalty greater than the statutory maximum sentence of life imprisonment — if the trial judge finds any 1 of 10 aggravating factors present. Similarly, last year in Blakely v Washington, the Court struck a statute permitting imposition of an “exceptional sentence,” an enhancement beyond the statutory maximum, when the judge finds an aggravating factor not proven to the jury — in that case, that the defendant had acted with “deliberate cruelty” — which justified imposition of the greater penalty. In his decision for the Court, Justice Scalia explained that, under Apprendi, “[w]hen a judge inflicts punishment that the jury’s verdict alone does not allow, the jury has not found all the facts ‘which the law makes essential to the punishment,’ [1 J.] Bishop, [Criminal Procedure] § 87, at 55 [2d ed 1872], and the judge exceeds his proper authority.” (Blakely v Washington, supra, 542 US at 304.)
Finally, the Booker decision extended application of Blakely, and its statement of the Apprendi rule, to the federal sentencing guidelines, by finding unconstitutional the requirement within the guidelines which mandated federal judges to sentence more harshly (outside the “normal” guidelines range) if they found, by a preponderance of the evidence, certain aggravating factors. The Court further explained that the guidelines could be applied as designed if the specific aggravating factors were submitted to, and found by, the jury beyond a reasonable doubt, instead of postverdict by the judge applying a preponderance standard.
Defendant argues from these four cases that the Apprendi rule (as refined by the subsequent cases) renders the “persistent felony offender” statute unconstitutional because the trial court’s finding and weighing of factors other than those presented to the jury runs directly afoul of Justice Scalia’s admonition since “the jury has not found all the facts ‘which the law makes essential to the punishment.’ ” (Blakely v Washington, *197 supra, 542 US at 304 [citation omitted].)[3] In so arguing, defendant characterizes the persistent felony offender statute’s requirement of finding the two or more prior felony convictions, as merely a “necessary prerequisite for a judge to then engage in additional fact finding before imposing an increased sentence.” (Defendant’s mem at 20.)
At this point in this discussion, I must stop and commend defense counsel on the thoroughness and precision of the memorandum of law. The analysis is straightforward, clearly presented and, I believe, compellingly set forth. Without expressing any opinion on defendant’s separate motion under CPL 330.30, I cannot remember when a defendant has had a more effective written argument submitted on his or her behalf. It is, therefore, with double regret that the prosecutor’s office could not respond.
That said, however, I can find no reason to go further in my own thinking, having as I do the benefit of the recent decision by the Court of Appeals settling this issue decisively. In People v Rivera (5 NY3d 61 [2005]), the Court reaffirmed its determination in People v Rosen (96 NY2d 329 [2001]). Rosen was decided after Apprendi and Judge G.B. Smith, writing for a unanimous Court of Appeals, found Apprendi distinguishable because, under New York’s scheme, it is the mere fact of two or more prior convictions alone which determines eligibility for the higher sentence.
It is clear from the foregoing statutory framework that the prior felony convictions are the sole determinant of whether a defendant is subject to enhanced sentencing as a persistent felony offender. Then, the court must consider other enumerated factors to determine whether it “is of the opinion that a persistent felony offender sentence is warranted.” (CPL 400.20 [9].) As to the latter, the sentencing court is thus only fulfilling its traditional role — giving due consideration to agreed-upon factors — in determining an appropriate sentence within the *198 permissible statutory range (see People v Farrar, 52 NY2d 302, 305-306 [1981]; People v Rosen, 96 NY2d at 335).
This past June, Judge Rosenblatt, writing for the majority, acknowledged Apprendi and the “recent cases derived from [it]” (Rivera at 63), but found no conflict because, as set out in Rosen, CPL 400.20 “makes it clear that the prior felony convictions are the sole determinant of whether a defendant is subject to recidivist sentencing as a persistent felony offender.” (Rivera, supra at 66 [citation to Rosen omitted].) Indeed, Judge Rosenblatt analogized to the Booker decision inasmuch as Booker left the federal sentencing guidelines in place if the ranges set forth were merely discretionary for the trial judge, rather than mandatory.
Given this unquestionably binding precedent (see People v West, 5 NY3d 740 [2005] [Apprendi argument rejected on authority of Rivera]; People v Perry, 19 AD3d 619 [2d Dept 2005] [challenge to constitutionality of persistent felony offender statute without merit, on authority of Rivera]; People v Morris, 21 AD3d 251 [1st Dept 2005] [same]), I am constrained[4] to find the defendant’s challenge to the persistent felony offender statute to be without merit.
Accordingly, the hearing will be held as scheduled. However, as a prophylactic against any further refinement of Rivera (and Rosen), I have decided that if the People are able to establish the defendant’s prior convictions, and thus his prima facie eligibility for persistent felony offender treatment, I will require proof beyond a reasonable doubt as to any fact which I may then find as justification for sentencing him as if he had committed an A-I felony, rather than the D felony the jury convicted him of. I exercise my discretion[5] in this fashion because, as the trier of fact designated in the statute, I believe it the better *199 practice to adhere to the same standards imposed upon the trier of fact at trial.

. CPL 400.20 (3) prescribes that there be a formal order directing a hearing, filed with the clerk and specifying a date for the hearing “not less than twenty days from the date the order is filed,” and CPL 400.20 (4) requires the clerk to mail a notice of the hearing to the prosecutor, defense counsel, and the defendant.

. Penal Law § 70.10 (1) (a) defines a “persistent felony offender” as “a person, other than a persistent violent felony offender as defined in section 70.08, who stands convicted of a felony after having previously been convicted of two or more felonies, as provided in paragraphs (b) and (c) of this subdivision.” Those paragraphs specify how to view past convictions for purposes of the statute.

. Defendant seeks to distinguish the language from the original Apprendi rule which notes an exception for the fact of prior convictions. (See Apprendi v New Jersey, supra, 530 US 466, 490 [2000] [“Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt”].) Defendant’s argument is that this exception for prior crimes arises from Almendarez-Torres v United States (523 US 224 [1998]), and a majority of the Supreme Court has now eschewed that decision in light of subsequent developments in the Apprendi rule. But the defense does acknowledge that the Almendarez-Torres ruling is still the law.

. “[S]tate trial courts are bound to follow existing precedent of a higher court, even though they may disagree (cf People v West, 2 Misc 3d 332, 336 [Sup Ct, NY County 2003], revd 12 AD3d 152 [1st Dept 2004]; People v Cephas, 2003 NY Slip Op 51068[U], *9 [Sup Ct, NY County, May 23, 2003]).” (People v Rivera, supra, 5 NY3d at 72 n 2 [Kaye, Ch. J., dissenting]; see also Newdow v Congress of U.S., 383 F Supp 3d 1229 [ED Cal 2005] [bound to apply 9th Circuit precedent in finding mandatory recitation of Pledge of Allegiance is unconstitutional].)

. See People v Rivera, supra, 5 NY3d at 71 (“Once the defendant is adjudicated a persistent felony offender, the requirement that the sentencing justice reach an opinion as to the defendant’s history and character is merely another way of saying that the court should exercise its discretion”).