■ In the Matter of STEPHEN ROSENBLUM, Respondent, v NEW YORK CITY CONFLICTS OF INTEREST BOARD et al., Appellants. [903 NYS2d 228]—

Judgment, Supreme Court, New York County (Jane S. Solomon, J.), entered May 7, 2009, which, in this CPLR article 78 proceeding, granted the petition for a judgment prohibiting respondents from proceeding with an administrative trial of petitioner, unanimously affirmed, without costs.

The court properly held that petitioner could seek a judgment prohibiting the enforcement of the conflict of interest law of the City of New York against him as a tenured pedagogue employed by the Board of Education of the City of New York as there is no requirement for exhaustion of administrative remedies in an article 78 proceeding in the nature of a writ of prohibition (*see Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d 52, 57 [1978]) where, as here, the "legality of the [underlying New York City Office of Administrative Trials and Hearings (OATH)] proceeding itself" was implicated (*Matter of Johnson v Price*, 28 AD3d 79, 82 [2006], quoting *Matter of Hirschfeld v Friedman*, 307 AD2d 856, 858 [2003]).

Here, the court properly held that the exclusive avenue to discipline a tenured pedagogue is Education Law § 3020-a (*see* Education Law § 3020; 53 RCNY 2-02 [a]), and thus it would be violative of the Education Law to allow an OATH hearing which does not require the same procedural protections (*compare* Education Law § 3020-a [3] [c] [i], *and Matter of Board of Educ. of City School Dist. of City of N.Y. v Mills*, 250 AD2d 122 [1998], *lv denied* 93 NY2d 803 [1999], *with* 48 RCNY 1-46 [b]).

Further, the fine sought to be imposed by respondents is included in the types of discipline specifically enumerated by the statute as penalties: "a written reprimand, a fine, suspension for a fixed time without pay, or dismissal" (Education Law § 3020-a [4] [a]).

We have considered appellants' remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Renwick, Freedman, Richter and Abdus-Salaam, JJ. [**Prior Case History: 2009 NY Slip Op 31073(U).**]