OPINION OF THE COURT
Carol R. Edmead, J.
In this CPLR article 78 proceeding[1] in the nature of a writ of prohibition, petitioner Annette Da Silva, a defendant in an underlying counsel fees action in Civil Court, New York County (Gold v Da Silva, Civ Ct, NY County, index No. 35449/2009 [the Civil Court action]), seeks an order declaring the decision of the Civil Court (Peter Moulton, J.) which granted summary judgment in favor of respondent David J. Gold, a plaintiff in the Civil Court action, void ab initio, and vacating the judgment entered against Da Silva, on the ground that the Civil Court (Moulton, J.) lacked subject matter jurisdiction because said Civil Court action had previously been dismissed. Da Silva also seeks attorneys’ fees and disbursements.
Gold moves, pursuant to CPLR 3211 (a) (2), (4) and (7), to dismiss the instant article 78 proceeding.
In response, Da Silva cross-moves to stay this court’s determination of Gold’s CPLR 3211 dismissal motion, pending reso *281 lution of Da Silva’s motion in the Civil Court to vacate the summary judgment order and the judgment.
Factual Background
Gold, a duly licensed attorney in New York, entered into a contingency fee agreement with Da Silva, a medical services provider, for professional services in litigating a debt collection claim against one of Da Silva’s patients, in the amount of $21,756. Thereafter, as the litigation progressed, Da Silva allegedly refused to appear for depositions and such lack of cooperation ultimately made it impossible for Gold to prosecute her claim. After unsuccessful attempts to collect payment from Da Silva for legal services he performed on her behalf, Gold, on or about September 3, 2009, commenced the Civil Court action against her.
On or about October 13, 2009, Gold moved for summary judgment and on November 4, 2009, the parties appeared before Judge Anil C. Singh, Civil Court, New York County, for a hearing. On the day of the hearing, Judge Singh, at the request of Da Silva who appeared pro se, adjourned the motion, directing that opposition papers be filed by December 4, 2009, and reply papers by January 19, 2010. On the same day, the court clerk, apparently in error, scheduled a date for a pretrial conference on December 14, 2009, which would have been prior to the date indicated by Judge Singh for the submission of the reply papers. Upon the parties’ informing the court of such error, Judge Singh instructed Gold to request an adjournment of the conference date by sending a letter to the court and directed that the parties “need not appear” on December 14. Judge Singh made a hand-written notation to that effect on the order sheet.
On December 14, however, the Civil Court action was erroneously dismissed for the parties’ failure to appear at the conference. Unaware of the dismissal, the parties filed their respective papers on the summary judgment motion as originally directed by Judge Singh.
On February 4, 2010, Judge Peter Moulton granted Gold’s summary judgment motion, and the Clerk of the Civil Court entered a judgment in the amount of $9,426.25 against Da Silva.
On or about May 12, 2010, Da Silva, through her attorney, filed a motion to vacate the order granting summary judgment and the judgment, arguing that the Civil Court lacked subject matter jurisdiction on February 4, 2010 to grant the motion since the action had previously been dismissed and was not properly restored to the calendar.
*282 On June 3, 2010, while the decision on the motion to vacate was pending, Da Silva filed the instant petition seeking to reinstate the December 14, 2009 dismissal of the Civil Court action by Judge Singh, a declaration that the summary judgment order issued by Judge Moulton was void ab initio and to vacate the judgment.
Gold now moves to dismiss the petition on several grounds: (1) pursuant to CPLR 3211 (a) (2), for lack of subject matter jurisdiction;[2] (2) pursuant to CPLR 3211 (a) (4) (another action pending), since Da Silva’s motion to vacate is pending in Civil Court;[3] and (3) pursuant to CPLR 3211 (a) (7), for failure to state a cause of action against Gold, given that the writ of prohibition sought herein is not an appropriate remedy to address the Civil Court’s alleged lack of authority to grant summary judgment. Thus, the court should dismiss the petition and preclude Da Silva “from further filing of frivolous lawsuits” against Gold.
In response, Da Silva cross-moves for a stay of the determination of Gold’s motion pending resolution of Da Silva’s motion to vacate the Civil Court summary judgment order. It is argued that the stay would not “unduly prejudice” Gold, while allowing Da Silva “to have her day in court.” Da Silva acknowledges that if her motion to vacate is granted by the Civil Court, this proceeding would be moot.
Da Silva also argues that this court should deny Gold’s motion because she cannot obtain other relief if this proceeding is dismissed. Da Silva retained counsel after the time for an appeal had expired and filed the instant petition just one day before the expiration of the four-month limitations period for filing a petition for a writ of prohibition. Further, argues Da Silva, she cannot assert a claim directly against Judge Moulton, because he has “absolute judicial privilege and immunity.”
In reply, Gold argues that, since by the order dated September 21, 2010, Judge Singh denied Da Silva’s motion to vacate, her cross motion to stay, before this court, is now moot. Further, since by his September 21, 2010 order, Judge Singh vacated, sua sponte, his December 14, 2009 order of dismissal, admitting the procedural error, the February 4, 2010 order of Judge Moulton granting summary judgment to Gold is valid.
*283 Further, Gold argues that Da Silva cannot commence a proceeding under CPLR 7801 to challenge a Civil Court determination, unless it involves punishing for contempt of the court. Alternatively, even if the Civil Court’s February 4, 2010 ruling (Moulton, J.) was in excess of jurisdiction or power, prohibition is not warranted because Da Silva had another adequate legal remedy — she could have appealed the order or judgment, or moved to reargue or renew. Da Silva cannot now seek a writ of prohibition on the basis that the order and/or judgment are “unappealable” simply because Da Silva did not timely appeal. And, she has requested a review of the February 4, 2010 ruling by filing in the Civil Court a motion to vacate.
Finally, Da Silva has not been prejudiced by not being able to properly oppose the merits of the motion since summary judgment was granted after both parties had an opportunity to set forth their respective arguments in their papers. And, in any event, had the error been discovered by the Civil Court and the case been restored to the calendar upon Gold’s motion, the outcome of the motion would ultimately be the same. Thus, the motion to dismiss should be granted.
Discussion[4]
CPLR 3211 (a) (2): Lack of Subject Matter Jurisdiction
In this proceeding, petitioner seeks two forms of relief: (1) a judgment reinstating the Civil Court’s December 14, 2009 dismissal of the Civil Court action; and (2) a judgment declaring the February 4, 2010 Civil Court summary judgment decision void ah initio and a nullity. While Gold asserted “lack of subject matter jurisdiction” (CPLR 3211 [a] [2]) as the basis of dismissal, he sets forth no arguments in support of this ground.
Nevertheless, CPLR 7801 provides that relief, inter alia, by a “[writ of] prohibition shall be obtained in a proceeding under this article.” CPLR 7803 (2) provides in pertinent part:
“The only questions that may be raised in a proceeding under this article are: . . .
*284 “2. Whether the body or officer proceeded . . . without or in excess of jurisdiction.”
Thus, this court may entertain the instant article 78 proceeding pursuant to article VI, § 7 (a) of the New York State Constitution (“The supreme court shall have general original jurisdiction in law and equity”) and pursuant to CPLR 7804 (b) (“A proceeding under this article shall be brought in the supreme court in the county specified in subdivision [b] of section 506[5] except as that subdivision otherwise provides”).
An article 78 proceeding in the nature of prohibition is designed to prevent an inferior court from proceeding with a judicial matter over which it has no jurisdiction or to prevent it from exceeding its authorized powers in a case over which it has jurisdiction in the first instance (Matter of Voccola v Shilling, 88 Misc 2d 103, 111 [Sup Ct, Kings County 1976], citing Matter of Lee v County Ct. of Erie County, 27 NY2d 432, 436-437 [1971]). Prohibition is an extraordinary remedy issued in the sound discretion of the court where the grievance cannot be redressed by ordinary proceedings at law or in equity (Voccola, citing Matter of Hogan v Court of Gen. Sessions of County of N.Y., 296 NY 1, 8 [1946]). Furthermore, a writ of prohibition is not usually available if there is an adequate remedy by way of appeal (Voccola at 111, citing Matter of Lee v County Ct. of Erie County, 27 NY2d at 437). Nevertheless, where the lower court is exceeding its jurisdiction and the writ furnishes a more effective remedy, it may be availed of even though the error might be corrected by appeal {id).
Given that the Civil Court has dismissed the erroneous dismissal of the Civil Court action and the underlying motion to vacate the Civil Court’s summary judgment was denied (on September 21, 2010), Da Silva’s application herein for a judgment reinstating the Civil Court’s December 14, 2009 dismissal of the Civil Court action and declaring the Civil Court summary judgment decision void, necessarily requires this court to review and overturn said September 21, 2010 order vacating the dismissal. A review of such an order can be had only by direct appeal or by leave to the Appellate Term (Matter of Maddox v Milin, 11 Misc 3d 1091[A], 2006 NY Slip Op 50814[U] [Sup Ct, NY County 2006], citing 22 NYCRR 640.1, 730.1 [b] [denying application to Supreme Court to vacate a Civil Court order for *285 lack of subject matter jurisdiction to vacate orders of the Civil Court]). Thus, dismissal of the petition based on lack of subject matter jurisdiction is warranted.
Assuming arguendo that this court had jurisdiction of the issues presented, the court would still be required to dismiss the petition, for the reasons stated below.
CPLR 3211 (a) (7): Failure to State a Cause of Action
On a motion to dismiss a petition for failure to state a claim under CPLR 3211 (a) (7) and 7804 (f), the allegations of the petition, and all reasonable inferences that may be drawn from those allegations, must be accepted as true and the petition must be liberally construed in favor of the petitioner (Violi v New York State Dept. of Motor Vehs., 15 Misc 3d 1044 [Sup Ct, Westchester County 2007], citing Matter of 10 E. Realty, LLC v Incorporated Vil. of Val. Stream, 17 AD3d 472 [2d Dept 2005]; Anguita v Koch, 179 AD2d 454 [1st Dept 1992]). The central question on a motion to dismiss is whether the petition’s allegations state a legally cognizable claim (Held v Kaufman, 91 NY2d 425 [1998]). The court’s role is simply to determine whether the facts, as alleged, fit into any valid legal theory (Sokoloff v Harriman Estates Dev. Corp., 96 NY2d 409 [2001]).
When a petitioner seeks relief in the nature of prohibition, pursuant to CPLR 7803 (2), the court must make a two-tiered analysis. “It must first determine whether the issue presented is the type for which the remedy may be granted and, if it is, whether prohibition is warranted by the merits of the claim” (Matter of Holtzman v Goldman, 71 NY2d 564, 568 [1988]).
Prohibition is an extraordinary remedy which is available only when a clear legal right to relief exists, and, in cases where judicial authority is challenged, when the court acted “or threatens to act either without jurisdiction or in excess of its authorized powers” (Matter of Neal v White, 46 AD3d 156, 159 [1st Dept 2007]; Matter of Hirschfeld v Friedman, 307 AD2d 856, 858 [1st Dept 2003], citing Matter of Holtzman v Goldman, 71 NY2d 564, 569 [1988]). Although the distinction between legal errors and actions in excess of power is not always easy to discern, “abuses of power may be identified by their impact upon the entire proceeding as distinguished from an error in a proceeding itself proper” (Matter of Johnson v Price, 28 AD3d 79, 82 [1st Dept 2006], quoting Matter of Holtzman v Goldman, 71 NY2d at 569). Moreover, “prohibition is available only when a court exceeds its juris *286 diction in a manner that implicates the legality of the proceeding itself” (Johnson v Price at 82, quoting Matter ofHirschfeld v Friedman, 307 AD2d at 858; Matter of Doe v Axelrod, 71 NY2d 484, 490 [1988]; see also Matter of Pirro v Angiolillo, 89 NY2d 351 [1996]; Matter of State of New York v King, 36 NY2d 59, 62 [1975]).
Prohibition is never available, however, “merely to correct or prevent trial errors of substantive law or procedure, however grievous” (Matter of Hirschfeld v Friedman, 307 AD2d 856, 858 [2003], quoting La Rocca v Lane, 37 NY2d 575, 579 [1975], cert denied 424 US 968 [1976]). Rather, the “orderly administration of justice requires that correction of litigation errors merely be left to the ordinary channels of appeal or review” (Matter of National Equip. Corp. v Ruiz, 19 AD3d 5, 11 [1st Dept 2005], quoting La Rocca v Lane, 37 NY2d at 579). Thus,
“[the remedy of] prohibition does not issue as of right, but only in the sound discretion of the court, [taking into consideration such factors as] the harm caused by the excess of power, the availability or unavailability of an adequate remedy on appeal or at law or in equity, and the remedial effectiveness of prohibition if such an adequate remedy does not exist” (Matter of Greenwald v Scheinman, 94 AD2d 842, 844 [1983], lv denied 60 NY2d 551 [1983] [citations omitted]).
In this proceeding, prohibition does not lie because Da Silva failed to demonstrate a clear legal right to relief through prohibition.
Even if the court were to assume that the February 4, 2010 summary judgment decision was erroneously issued in the absence of the statutory power, as the Court of Appeals held, “errors of law . . . are not to be confused with a proper basis for using the extraordinary writ” (Matter of State of New York v King, 36 NY2d 59, 62 [1975]), and even “egregious errors in pretrial and trial rulings, such as the erroneous exclusion of important evidence, do not form a proper basis for an article 78 challenge, regardless of the fact that [a party] ha[s] no appellate recourse to correct the ruling” (Matter of Johnson v Price, 28 AD3d 79, 81 [2006], citing Matter of Hirschfeld v Friedman, 307 AD2d 856 [2003]).
*287 Based on the record, the parties’ failure to appear at the December 14, 2009 pretrial conference[6] resulted in an inadvertent dismissal of the Civil Court action (Singh, J.), which was apparently not reflected in the Civil Court’s records. Thus, even though the action was dismissed and not properly restored to the calendar,[7] Judge Moulton, in deciding the summary judgment motion as it was presented to him, acted under the color-able right of judicial authority. Furthermore, by virtue of the adjournment, requested by the parties, both Gold and Da Silva had an opportunity to litigate the merits of the motion. Therefore, under the circumstances, Judge Moulton’s February 4, 2010 decision was, at most (and that is not this court’s finding), an “error of procedural or substantive law,” and not “an action taken in the absence of the necessary authority to act” (Matter of Johnson v Price, 28 AD3d at 82) warranting the remedy of a writ of prohibition.
Moreover, even if “an act in excess of power” is perceived, the appropriate vehicle for challenging the propriety of the Civil Court’s summary judgment determination was a direct appeal from that order (see Matter of DeVincenzo v Morgenthau, 161 AD2d 476 [1st Dept 1990]). Additionally, prohibition is not available where its proponent has an adequate alternative remedy at law, and Da Silva was not without “another adequate remedy” since she has sought relief from Judge Moulton’s order by a motion to vacate pursuant to CPLR 5015 (a) (Matter of Crain Communications v Hughes, 74 NY2d 626 [1989]). Indeed, the appropriate remedy to review any claimed error in a Civil Court order or judgment is through the appellate process (Matter of McGuire v Spires, 214 AD2d 402 [1st Dept 1995]; see also 22 NYCRR 640.1, 730.1 (b); NY Const, art VI, § 8). Therefore, a writ of prohibition will not lie and the instant petition must be dismissed (see Maddox, supra).
In light of the foregoing, and, accepting the allegations of Da Silva’s petition as true, the court concludes that the challenged action of the Civil Court is not “the type of issue for which the remedy of a writ of prohibition may be granted” and, thus, Da Silva failed to state a claim warranting relief in the nature of a *288 writ of prohibition (Matter of DeVincenzo v Morgenthau, 161 AD2d 476 [1990]; see Matter of Gold v Gartenstein, 54 NY2d 627 [1981]).
Accordingly, Gold’s motion to dismiss the petition is granted and, in view of the denial of Da Silva’s Civil Court motion to vacate, her instant cross motion for a stay pending a determination by the Civil Court, is denied.
Conclusion
Based on the foregoing, it is hereby ordered and adjudged that the motion of the respondent David J. Gold for an order dismissing the petition of Annette Da Silva is granted pursuant to CPLR 3211 (a) (2) and (7), and the petition is hereby dismissed; and it is further ordered that the cross motion of the petitioner to stay the determination of respondent Gold’s motion is denied.

. To the extent that Da Silva seeks a writ of prohibition, the court treats such application as an article 78 proceeding even though Da Silva’s pleading contains no reference to article 78 (Goldman v White Plains Ctr. for Nursing Care, LLC, 9 Misc 3d 977, 801 [Sup Ct, NY County 2005] [article 78 was designed to facilitate requests for relief based on the common-law writs of mandamus, prohibition and certiorari without regard to the technical distinctions between them]).

. The court notes that Gold asserted no arguments in his initial moving papers to support this claim.

. The court notes that on September 21, 2010, after Da Silva filed the instant petition with this court, the Civil Court (Singh, J.) denied her motion to vacate the summary judgment decision.

. Dismissal pursuant to CPLR 3211 (a) (4) on the ground that the underlying Civil Court action is pending is unwarranted. At the time of the instant motion, Da Silva’s motion to vacate was pending in the Civil Court. However, on September 21, 2010, Judge Singh, sua sponte, vacated his December 14, 2009 order of dismissal as a procedural error, and Da Silva’s motion to vacate the summary judgment order was essentially denied. In view of such disposition of Da Silva’s Civil Court motion, the Civil Court action is no longer pending, and dismissal of the petition pursuant to CPLR 3211 (a) (4) is denied.

5. CPLR 506 (b) provides: “Proceeding against body or officer. A proceeding against a body or officer shall be commenced in any county within the judicial district where the respondent made the determination complained of.”

. Section 208.14 (b) (3) of the Uniform Rules for Trial Courts (22 NYCRR) provides: “If no party appears, the judge may strike the action from the calendar or make such other order as appears just.”

. Pursuant to Uniform Rules for Trial Courts (22 NYCRR) § 208.14 (c), “[a]ctions stricken from the calendar may be restored to the calendar only upon stipulation of all parties so ordered by the court or by motion on notice to all other parties, made within one year after the action is stricken.”