■ In the Matter of Finger, Goldberg, Zinner & Finger, Petitioners, v Francis N. Pecora, as a Justice of the Supreme Court, Respondent.— Application for an order pursuant to the provisions of CPLR article 78, in the nature of prohibition, unanimously granted, without costs or disbursements, the cross motion denied, and respondent prohibited from directing petitioners to turn over their retainer to the Deputy Administrator, Assigned Counsel Plan (County Law, art 18-B) and from consolidating, *sua sponte,* three pending indictments for trial, without prejudice to further proceedings consistent herewith. Listoriel Torres is the subject of three pending indictments charging him, *inter alia,* with four separate, apparently

unrelated, sales of a controlled substance. Petitioners claim they were retained to defend Torres on only one indictment. Defendant disputed such assertion, but the court below previously requested the assignment of counsel to represent defendant on the other two indictments; and another attorney was in fact assigned. On September 29, 1975, the case appeared again in Trial Part. The Justice presiding thereat, apparently concerned over the inability of counsel to resolve certain differences and desirous of avoiding the expense of two trials, (1) reaffirmed his prior decision to consolidate the cases for trial and (2) directed petitioners to deposit their retainer in escrow pending his fixation of their fee after submission of an affidavit detailing the services rendered. We find no legal justification for the court's direction regarding petitioners' fee. In view of the conflicting statements by petitioners and Torres concerning the retainer's coverage, a hearing should be held thereon. At such hearing inquiry may also be made as to the truth of Torres' claim of indigency. But in no event may the court direct that all or part of petitioners' retainer be paid to an attorney assigned pursuant to article 18-B of the County Law. (Cf. *Matter of Werfel v Agresta,* 36 NY2d 624.) Lastly, in view of the potential prejudice to Torres of the consolidation of the three pending indictments, an opportunity to oppose the same should be granted. Concur—Stevens, P. J., Markewich, Kupferman, Murphy and Lupiano, JJ.