■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v FRANCIS D. R. COLEMAN, Respondent.—Judgment unanimously reversed, without costs and petition dismissed. Memorandum: On December 4, 1974, after a hearing before the Rochester Branch of the Administrative Adjudication Bureau of the Department of Motor Vehicles, petitioner was found guilty of a violation of subdivision (d) of section 1180 of the Vehicle and Traffic Law. He filed an appeal with the appeals board which was deemed finally submitted on May

30, 1975, pursuant to 15 NYCRR 125.4. Not having received the appeals board's determination within 60 days he commenced the article 78 proceeding on August 5, 1975 seeking to have his conviction for speeding declared void, to have any record of the conviction expunged, to have the fine imposed returned to him and to be paid the appeal fee and transcript costs which he incurred. On August 8, 1975 the appeals board issued its decision sustaining the conviction. At Special Term the appellant State submitted no answer to the petition but filed objection in point of law. The court found for petitioner and ordered the relief sought by him. In its appeal from the judgment appellant State contends that Special Term erred in not permitting it to answer the petition and in its decision that the word "shall" in 15 NYCRR 125.5 is mandatory and required issuance of its determination within 60 days. Section 125.5 in pertinent part, provides that "[t]he appeals board shall issue a determination in the form of a letter to the motorist within 60 days of the date an appeal is finally submitted". The State urges that the word "shall" as used in the regulation should be construed as directory only and not mandatory. The same question was before us recently in *Matter of Tipon v Appeals Bd. of Administrative Adjudication Bur., State of N. Y. Dept. of Motor Vehicles* (52 AD2d 1065; mot for lv to app den 40 NY2d 806). We stated there that "[f]ailure of respondent appeals board to render its decision within 60 days as provided in the regulation (15 NYCRR 125.5) did not deprive respondents of jurisdiction. Such a provision is directory, not mandatory (see *Matter of Moskal v State of New York Executive Dept, Div of Human Rights,* 36 AD2d 46, 49)." (Appeal from judgment of Monroe Supreme Court—article 78.) Present—Marsh, P. J., Moule, Dillon, Goldman and Witmer, JJ.