■ In the Matter of PAUL J. CORREALE, Petitioner, v JOHN A. PASSIDOMO, as Commissioner of New York State Department of Motor Vehicles, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Department of Motor Vehicles, dated September 23, 1983, which approved the recommendation of a departmental appeals board to affirm the determination of an Administrative Law Judge, made after a hearing, that the petitioner refused to submit to a chemical test intended to determine the level of alcohol in his blood, and an order of the respondent dated October 13, 1983, which revoked the petitioner's driver's license pursuant to Vehicle and Traffic Law § 1194.

Determination and order confirmed and proceeding dismissed on the merits, with costs.

In order to successfully argue that a delay in scheduling a refusal hearing pursuant to Vehicle and Traffic Law § 1194 constituted a violation of the State Administrative Procedure Act § 301, the petitioner must show that he was substantially prejudiced by such delay *(Matter of Geary v Commissioner of Motor Vehicles of State of N. Y.,* 59 NY2d 950). Petitioner has made no such showing upon the record. Moreover, an examination of the full record before us reveals that there was substantial evidence to support the determination revoking

the petitioner's driver's license pursuant to Vehicle and Traffic Law § 1194 for refusal to submit to a chemical test. The Administrative Law Judge's decision to adjourn the hearing in order to allow the respondent to present testimony by the arresting officer on a crucial issue necessary to establish a prima facie case under Vehicle and Traffic Law § 1194 was not improper. Lazer, J. P., Mangano, Gibbons and Bracken, JJ., concur.