■ In the Matter of JOHN J. PITTA, Petitioner, v COMMISSIONER OF MOTOR VEHICLES OF STATE OF NEW YORK, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of Motor Vehicles, dated January 22, 1985, which, after a hearing, ordered that the petitioner's motor vehicle operator's license be revoked for his failure to timely submit to a chemical breathalyzer test following his arrest for driving while intoxicated.

Determination confirmed and proceeding dismissed on the merits, without costs or disbursements.

After reviewing the record we conclude that the findings of fact of the hearing officer were supported by the police officer's testimony and the arrest report, and the respondent's determination was supported by substantial evidence *(see, People ex rel. Vega v Smith,* 66 NY2d 130).*

We also reject the petitioner's claim that the proceeding against him should have been dismissed because of the failure to hold a hearing within a reasonable time, pursuant to the State Administrative Procedure Act § 301. Absent some showing of substantial prejudice to the petitioner, the mere passage of time, standing alone, does not require dismissal of the proceedings *(see, Matter of Geary v Commissioner of Motor Vehicles of State of N. Y.,* 59 NY2d 950).* As the petitioner retained his driver's license throughout the 14-month period while he awaited a hearing, he did not suffer any substantial

prejudice from the delay *(see, Matter of Smith v Commissioner of Motor Vehicles,* 103 AD2d 865).

Accordingly, the determination is confirmed and the proceeding is dismissed. Mangano, J. P., Gibbons, Brown and Kooper, JJ., concur.