■ In the Matter of DIANE MULLEN, Appellant, v NEW

York State Department of Motor Vehicles et al., Respondents.—Weiss, J. Appeal from a judgment of the Supreme Court (Bradley, J.), entered December 22, 1987 in Sullivan County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition.

On June 8, 1986, following a one-car accident in the Town of Thompson, Sullivan County, petitioner was arrested and charged with driving while intoxicated (Vehicle and Traffic Law § 1192 [3]). At her arraignment in Town Justice Court on June 12, 1986, the court neither advised petitioner that the arresting officer had filed a "Report of Refusal to Submit to Chemical Test" nor temporarily suspended her license (see, Vehicle and Traffic Law § 1194 [2]). On April 16, 1987, at the conclusion of a "Probable Cause/*Huntley* Hearing" pertaining to the driving while intoxicated charge, Justice Court informed petitioner for the first time that a refusal report had been filed and would be forwarded to respondent Department of Motor Vehicles. Petitioner unsuccessfully objected to the untimeliness of this procedure. On June 6, 1987, petitioner was notified that a refusal hearing would be held on June 23, 1987. At this hearing, petitioner challenged the Department's jurisdiction to entertain the proceeding since there had not been compliance with the time limitations set forth in Vehicle and Traffic Law § 1194 (2). The hearing was adjourned and rescheduled for September 8, 1987. By order to show cause dated August 17, 1987, petitioner commenced this CPLR article 78 proceeding in the nature of prohibition seeking to enjoin respondents from conducting the hearing. Supreme Court summarily dismissed the petition and this appeal ensued.

We affirm. Pursuant to Vehicle and Traffic Law § 1194 (2), a court is required to forward a refusal report to the Department within 48 hours of an accused's arraignment, while concomitantly imposing a temporary license suspension (see, 15 NYCRR 139.3).* Any person whose license has been temporarily suspended in this manner is entitled to a refusal hearing within 15 days of arraignment or the license must be "reinstated pending a hearing" (Vehicle and Traffic Law § 1194 [3]; see, 15 NYCRR 139.4 [b]). Petitioner argues that by virtue of Justice Court's failure to comply with the statutory 48-hour transfer provision, respondents never obtained jurisdiction to review her refusal. We hold otherwise.

---

* We note that the Department's regulation actually applies a more stringent 18-hour transfer requirement. This disparity does not affect the outcome of the instant appeal.

It is well established that mere delay in scheduling a refusal hearing will not oust respondents of jurisdiction *(Matter of Geary v Commissioner of Motor Vehicles,* 92 AD2d 38, *affd* 59 NY2d 950). Petitioner attempts to distinguish *Matter of Geary v Commissioner of Motor Vehicles (supra)* by emphasizing that the issue here is not whether the hearing delay vitiated respondents' jurisdiction, but whether respondents even had jurisdiction in the first instance. This argument hinges on the consequences attendant Justice Court's failure to forward the refusal report to the Department within 48 hours of petitioner's arraignment. We recognize that the two cases are factually distinct, for the notice of refusal was duly forwarded to the Department in *Matter of Geary v Commissioner of Motor Vehicles (supra,* at 39). Nonetheless, we cannot accept petitioner's premise that the 48-hour transfer provision constitutes a jurisdictional prerequisite. In our view, the time schedules specified in Vehicle and Traffic Law § 1194 (2) are directory only *(see, supra,* at 40). By providing for an immediate license suspension procedure in the event of a test refusal, the Legislature was clearly acting "to protect the public, not the impaired driver" *(supra,* at 41; *see, Matter of Sarkisian Bros. v State Div. of Human Rights,* 48 NY2d 816, 818). The statutory time constraints relate to an accused's due process rights but do not condition respondents' jurisdictional authority. This conclusion is buttressed by the fact that a failure to provide a hearing within 15 days of arraignment merely results, as indicated, in the reinstatement of a license "pending a hearing" (Vehicle and Traffic Law § 1194 [3]). Moreover, petitioner's operating privileges were not suspended during the period of delay and she has failed to identify any resulting prejudice *(see, Matter of Pitta v Commissioner of Motor Vehicles,* 121 AD2d 545). Consequently, relief in the nature of prohibition is not available to petitioner; her remedy is to pursue a CPLR article 78 proceeding once a final agency decision is made, should she be so inclined *(see, Matter of Doe v Axelrod,* 71 NY2d 484, 490; *Matter of Djavaheri v Axelrod,* 119 AD2d 967).

Judgment affirmed, without costs. Kane, J. P. Weiss, Mikoll, Levine and Mercure, JJ., concur.