■ In the Matter of OIL Co., INC., Petitioners, v NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION et al., Respondents. [716 NYS2d 398] —Proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Environmental Conservation dated July 9, 1998, which adopted the findings, conclusions, and recommendations of an Administrative Law Judge finding, after a hearing, that the petitioners violated the Navigation Law and certain water, air, and tidal wetlands regulations and imposed a penalty in the sum of $3,499,680.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

Following an administrative hearing, the respondent New York State Department of Environmental Conservation (hereinafter the DEC) adopted the findings of an Administrative Law Judge (hereinafter ALJ) and determined that the petitioners had committed over 18,000 violations of New York State's environmental and navigation laws and regulations.

The findings of the ALJ as adopted by the DEC are supported by substantial evidence in the record (*see, Matter of Berenhaus v Ward,* 70 NY2d 436; *Matter of DiCairano v Gandolfo,* 201 AD2d 727).

In addition, the penalty imposed is not excessive. It is well settled that the power of this Court to review administrative

action and the extent of the sanction imposed is strictly limited (*see, Matter of Pell v Board of Educ.,* 34 NY2d 222). Here, the petitioners continued to operate a major oil storage facility for over 10 years without the necessary permits and licenses and reaped the benefits of its operation without complying with numerous statutes and regulations. Consequently, the penalty imposed was not " 'so disproportionate to the offense, in the light of all of the circumstances, as to be shocking to one's sense of fairness' " (*Matter of Pell v Board of Educ., supra,* at 233).

The petitioners remaining contentions are either without merit, time-barred, or not properly before this Court. Bracken, J. P., Thompson, Altman and McGinity, JJ., concur.