■ In the Matter of DAVID E. HANSEN, Petitioner, v NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION et al., Respondents. [732 NYS2d 904] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent John P. Cahill, as Commissioner of the New York State Department of Environmental Conservation, dated January 3, 2000, which adopted the findings and conclusions of an Administrative Law Judge, after a hearing, that the petitioner violated ECL 15-0505 and 25-0401, and 6 NYCRR parts 608 and 661, imposed a penalty in the sum of $60,000, and directed him to provide a remediation and restoration plan to the respondent New York State Department of Environmental Conservation.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs; and it is further,

Ordered that the petitioner's time to pay the penalty is extended until 20 days after service upon him of a copy of this decision and order; and it is further,

Ordered that the petitioner's time to provide a remediation and restoration plan is extended until 60 days after service upon him of a copy of this decision and order.

The record supports the conclusion that the respondent New York State Department of Environmental Conservation did not unreasonably delay in bringing certain charges against the petitioner based on his activities in 1989 (*see,* State Administrative Procedure Act § 301 [1]; *Matter of Cortlandt Nursing Home v Axelrod,* 66 NY2d 169, *cert denied* 476 US 1115; *Matter of A.J. & Taylor Rest. v New York State Liq. Auth.,* 214 AD2d 727; *Matter of Correale v Passidomo,* 120 AD2d 525). Furthermore, the determination that the petitioner violated the Environmental Conservation Law and certain regulations is supported by substantial evidence in the record (*see, 300 Gra-*

*matan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176; *Matter of Oil Co. v New York State Dept. of Envtl. Conservation,* 277 AD2d 241).

The petitioner's remaining contentions are without merit. O'Brien, J. P., Florio, Schmidt and Townes, JJ., concur.