OPINION OF THE COURT
Jonathan Lippman, J.
The following papers were read on the motion of respondent New York State Department of Motor Vehicles (DMV) to dismiss this CPLR article 78 proceeding pursuant to CPLR 7804 (f) and CPLR 3211 for failure to state a cause of action, and, upon the application of petitioner, Leonard Violi for an order from this court preliminarily enjoining respondent or respondent’s agents from taking any action to suspend or revoke petitioner’s driver’s license pending the court’s determination of this article 78 proceeding:
PAPERS
Order to show cause, verified petition Affirmation of John M. Perone, Esq., exhibits 1-2 Notice of motion to dismiss petition
Affirmation of Vincent M. Cascio, Assistant Attorney General (AAG), exhibit 1
Affirmation of John M. Perone, Esq., in opposition to motion to dismiss
Reply affirmation of Vincent M. Cascio, Assistant Attorney General
Affirmation of Deborah Dugan, Esq., exhibits A-B Transcript of hearing held on December 13, 2006 attached to surreply letter from John M. Perone, Esq., and attachment[1]
Upon the foregoing papers, respondent’s motion to dismiss the petition and petitioner’s application for a preliminary injunction pending the resolution of this article 78 proceeding are resolved as follows:
*1046 Factual and Procedural Background
On December 5, 2006, petitioner was arraigned in the Village of Larchmont Justice Court on charges of driving while intoxicated based on, inter alia, petitioner’s alleged refusal to submit to a chemical test (e.g, breathalyzer) after a traffic stop on December 1, 2006. During petitioner’s arraignment, pursuant to Vehicle and Traffic Law § 1194 (2) (b) (3), the Village of Larchmont Justice Court issued a notice of temporary suspension and notice of hearing (the suspension notice),[2] which temporarily suspended petitioner’s driver’s license and scheduled December 13, 2006 as the date for a revocation hearing based on the verified report of petitioner’s refusal to submit to a chemical test (the refusal report) drafted by the police officer before whom petitioner’s refusal was made. Pursuant to the suspension notice’s terms, petitioner’s driver’s license was suspended for a period of 15 days or until the chemical test refusal hearing date, whichever occurred first.
At the chemical test refusal hearing on December 13, 2006, petitioner’s counsel was provided a copy of the refusal report, and, upon reviewing same, moved to dismiss the proceeding based on the facial deficiencies found therein. Specifically, the refusal report was left blank in the areas on the form requiring the police officer to set forth the facts establishing the reasonable grounds for making the arrest both with regard to the traffic infraction supporting the stop and the indicia of petitioner’s intoxication. Petitioner’s counsel argued that the report was defective and the administrative law judge (the ALJ) was without jurisdiction to hear the proceeding because Vehicle and Traffic Law § 1194 (2) (b) (2) requires that the refusal report “set forth reasonable grounds to believe such arrested person . . . had been driving in violation of any subdivision of [Vehicle and Traffic Law § 1192 or § 1192-a].” The ALJ denied the motion to dismiss on the grounds that it was premature and proceeded to hear only the testimony of the arresting officer. Prior to adjourning the chemical test refusal hearing due to the time constraints of the ALJ, the ALJ suspended petitioner’s driver’s license pending the conclusion of the hearing. However, no future hearing date was calendared.
*1047 On or about January 16, 2007, petitioner filed an administrative appeal of the ALJ’s suspension order with DMV’s Appeals Board. In his appeal, petitioner argued that the ALJ’s decision to deny his motion to dismiss as premature and the ALJ’s suspension order were in error[3] (see affirmation of Deborah Dugan, Esq. [Dugan aff], reply affirmation of Vincent M. Cascio, AAG [Cascio reply aff], exhibit A). On January 23, 2007, the chair of DMV’s Appeals Board granted a stay of the suspension of petitioner’s driver’s license pending the conclusion of the appeal, which is apparently still pending (Dugan aff fli 4-5). Therefore, according to respondent, petitioner currently holds “a full and valid Class D driver license” (Cascio reply aff It 3).
On January 8, 2007, petitioner initiated, by order to show cause, the instant article 78 proceeding seeking an order from this court enjoining respondent and its agents from proceeding with the chemical test refusal hearing, or taking any action to suspend or revoke petitioner’s driver’s license and prehminarily restoring petitioner’s driver’s license pending the final determination of this proceeding. In his petition, petitioner argues that given the Vehicle and Traffic Law’s clear provisions, respondent’s continuation of the revocation proceeding is “contrary to law and in contravention of the authority and jurisdiction granted to Respondent and its agents in accordance with that statute” (petition 1i 15).
Respondent moves to dismiss the petition based on its failure to state a claim upon which relief may be granted. Respondent contends that, although the order to show cause sets forth the basis for the proceeding as CPLR 7803 (1) (mandamus to compel) and CPLR 7803 (2) (prohibition), the petition itself fails to cite to the provisions of CPLR article 78 under which this proceeding has been brought. Furthermore, even if the petition alleged claims based on CPLR 7803 (1) and (2), it is respondent’s position that the petition must be dismissed because the claims are not supportable. Respondent contends that the claim for mandamus relief fails because it is “a judicial command to an officer or body to perform a specified ministerial act that is required by law to be performed . . . [and] [o]nly ministerial acts that involve no exercise of judgment or discretion are subject to mandamus to compel” (affirmation of Vincent M. *1048 Cascio, AAG [Cascio aff] 1Í 8). According to respondent, “mandamus does not lie since the hearing officer, ‘acting on behalf of the commissioner,’ has discretion to decide the statutory issues under VTL § 1194 and also the discretion to impose a temporary license suspension pending the final outcome of the hearing” (Cascio aff 1i 9).
Respondent likewise asserts that a writ of prohibition is unavailable because petitioner has failed to establish a clear right to relief because the blank entries on the refusal report do not “implicate the legality of the entire proceeding itself’ and the ALJ has the subject matter jurisdiction and authority to preside over the chemical test refusal hearing (id. If14). Respondent further argues that even if petitioner had established a clear right to relief, prohibition does not lie since petitioner has an alternative remedy at law in the nature of a certiorari to review a negative determination by the ALJ pursuant to CPLR 7803 (3) or (4) (id. 1Í17). Finally, respondent contends that “prohibition is never available merely to correct or prevent trial errors of substantive law or procedure, however, grievous” (id. If 18).
In opposition, petitioner argues that the petition properly states claims based on prohibition and mandamus because “ [respondent has exceeded the jurisdiction and authority conferred upon it under . . . [Vehicle and Traffic Law] § 1194 . . . and has refused to take action or refrain from acting in the manner required by that statute” (affirmation in opposition of John M. Perone, Esq. [Perone opp aff] 11 3).
In respondent’s reply, respondent argues, inter alia, that the relief sought by petitioner has already been granted by DMV’s Appeals Board and, therefore, the proceeding is moot. Respondent further argues that the proceeding is premature because petitioner’s appeal and chemical test refusal hearing are ongoing and petitioner should exhaust his administrative remedies prior to instituting this proceeding.
Legal Discussion
Petitioner Has Stated a Viable Claim for Prohibition Based on His Allegations That Respondent is Acting in Excess of the Jurisdiction Conferred on it by Statute
On a motion to dismiss a petition for failure to state a claim under CPLR 3211 (a) (7) and 7804 (f), the allegations of the petition, and all reasonable inferences that may be drawn from those allegations, must be accepted as true and the petition must be liberally construed in favor of the petitioner (see Matter *1049 of 10 E. Realty, LLC v Incorporated Vil. of Val. Stream, 17 AD3d 472 [2005]; Matter of Zaidins v Hashmall, 288 AD2d 316 [2001]; Anguita v Koch, 179 AD2d 454 [1992]). The central question on a motion to dismiss is whether the petition’s allegations state a legally cognizable claim (see Held v Kaufman, 91 NY2d 425 [1998]). The court’s role is simply to determine whether the facts, as alleged, fit into any valid legal theory (see Sokoloff v Harriman Estates Dev. Corp., 96 NY2d 409 [2001]).
It is well established that the extraordinary remedy of prohibition “is available only where there is a clear legal right, and only when an officer acts without jurisdiction or in excess of powers in a proceeding over which there is jurisdiction ‘in such a manner as to implicate the legality of the entire proceeding’ ” (Matter of Doe v Axelrod, 71 NY2d 484, 490 [1988], quoting Matter of Rush v Mordue, 68 NY2d 348, 353 [1986]; see also Matter of Pirro v Angiolillo, 89 NY2d 351 [1996]; Matter of State of New York v King, 36 NY2d 59, 62 [1975]). Prohibition does not lie as a matter of right but only in the sound discretion of the court based on “the gravity of the harm caused by the excess of power, the availability or unavailability of an adequate remedy on appeal or at law or in equity, and the remedial effectiveness of prohibition if such an adequate remedy does not exist” (Matter of Greenwald v Scheinman, 94 AD2d 842, 844 [1983], lv denied 60 NY2d 551 [1983]). When the basis for a writ of prohibition is that the administrative agency is acting without jurisdiction, there is no need for the petitioner to have exhausted his or her administrative remedies prior to seeking collateral review from a court.[4]
Petitioner’s claims for a writ of mandamus and a writ of prohibition are based on his assertion that the refusal report’s failure to set forth any grounds to believe petitioner was driving in violation of Vehicle and Traffic Law § 1192 means that respondent, in proceeding to revoke petitioner’s license through the chemical test refusal proceeding, is acting in contravention of the authority and jurisdiction granted to it in accordance with the provisions of Vehicle and Traffic Law § 1194.
*1050 The New York Court of Appeals has pronounced that a license to operate a motor vehicle is a valuable property right that may not be deprived without due process of law (Pringle v Wolfe, 88 NY2d 426 [1996], cert denied 519 US 1009 [1996]; Matter of Moore v Macduff, 309 NY 35 [1955]). Nevertheless,
“The right to drive [is] a privilege granted by the State [and the State] has, for the protection of the public, imposed conditions on that privilege; one being that a person consent to a chemical test under the specified conditions of the statute . . . Once the conditions of the statute are met, refusal to take the test results in a mandatory loss of license” (Matter of Bowers v Hults, 42 Misc 2d 845, 849 [1964]).
Without citing to any case law on point, petitioner argues that the language regarding the requirements for the refusal report is mandatory and, therefore, “if the statute’s requirements are not satisfied, the circumstances under which Respondent is to undertake revocation proceedings do not exist” (Peroné opp aff 1111). Respondent counters by arguing — without the benefit of any analogous case law — that respondent has jurisdiction over the chemical test refusal hearing regardless of the sufficiency of the refusal report.
The court has found one decision in New York wherein the court was faced with a similarly deficient refusal report upon which a temporary suspension had been based (see Matter of Grimshaw v Kelly, 7 Misc 2d 218 [1957]). In that case, petitioner brought an article 78 proceeding to annul the Commissioner of Motor Vehicles’ order which temporarily suspended petitioner’s driver’s license pursuant to Vehicle and Traffic Law former § 71-a (predecessor to Vehicle and Traffic Law § 1194) pending the chemical test refusal hearing. Petitioner argued that the temporary suspension order was unauthorized based on, inter alia, the omission of any facts supporting the arresting officer’s reasonable belief that the driver was in an intoxicated condition. Finding that due process was not satisfied as the temporary suspension occurred without the opportunity for a hearing, the court annulled the temporary suspension order holding,
“A temporary suspension order, issued under the provisions of section 71-a, which requires a report under oath of the officer that he had reasonable grounds to believe petitioner was driving in an intoxicated condition which instead is based upon a report containing no facts but rather consisting *1051 solely of a conclusion of law, cannot be sustained” (Matter of Grimshaw, 7 Misc 2d at 222).
The court, however, made clear that its holding was limited to the temporary suspension order and the “decision in no way related] to the right of the commissioner, under section 71-a, to revoke the petitioner’s license after a hearing” (id.).
In addition to the one New York decision, the court has also found a wealth of cases in jurisdictions outside of New York that appear to support petitioner’s position that the statute’s requirements regarding the contents of the refusal report are mandatory in nature such that the failure to comply with the statute’s terms is a jurisdictional defect that cannot be cured through the police officer’s testimony at the revocation hearing, although there are some cases to the contrary.[5] In this proceeding, the court’s ultimate decision of whether or not to grant the writ of prohibition will depend upon whether the language set forth in the statute is found to be directory or mandatory (see Matter of Mullen v New York State Dept. of Motor Vehs., 144 AD2d 886 [1988] [writ of prohibition did not lie and DMV had jurisdiction over chemical test refusal proceeding in case where arraigning court failed to forward a refusal report to DMV within 48 hours of an accused’s arraignment]; see also People v Coleman, 58 AD2d 968 [1977]; Matter of Tipon v Appeals Bd. of Administrative Adjudication Bur., State of N.Y. Dept. of Motor Vehs., 52 AD2d 1065 [1976], lv denied 40 NY2d 806 [1976]).
Vehicle and Traffic Law § 1194 (2) (b) (2) provides that
“[t]he report of the police officer shall set forth reasonable grounds to believe such arrested person . . . had been driving in violation of any subdivision of [Vehicle and Traffic Law §§ 1192 or 1192-a], that said person had refused to submit to such chemical test, and that no chemical test was administered.” *1052 It would appear that the requirement that the police officer set forth the reasonable grounds for the arrest arises out of the need to satisfy due process since the temporary suspension is automatic upon the arraigning court’s receipt of the refusal report, and the driver has no opportunity to be heard on the issue until the chemical test refusal hearing (see Mackey v Montrym, 443 US 1 [1979]; Pringle v Wolfe, 88 NY2d 426 [1996], cert denied 519 US 1009 [1996]; Matter of Mullen, 144 AD2d at 887; People v Giacopelli, 171 Misc 2d 844 [1997]; Matter of Ventura, 108 Misc 2d 281 [1981]).[6]
Given the foregoing, the court finds that the petition adequately states a claim for prohibition[7] based on respondent’s alleged lack of jurisdiction over the chemical test refusal hearing. Although a writ of prohibition is a drastic remedy, it may be appropriate in this circumstance where the papers presently before the court include the subject refusal report which has neither the traffic infraction supporting the police officer’s traffic stop nor the indicia supporting the police officer’s reasonable grounds to believe petitioner was intoxicated. However, because the article 78 proceeding is not fully submitted since respondent has not yet interposed its answer, the resolution of this issue will necessarily await the final determination of this proceeding.
Petitioner Has Not Sustained His Burden for Preliminary Injunctive Relief
Petitioner seeks two separate items of interim relief pending this court’s final determination. First, petitioner requests that the court issue an order restoring petitioner’s driver’s license. This relief has been rendered moot by respondent’s decision to *1053 stay the suspension order that had been issued by the ALJ, thereby restoring petitioner’s driver’s license.
Although the first interim relief has been rendered moot, the other requested relief is an order from the court preliminarily enjoining respondent and its agents from taking any action to suspend or revoke petitioner’s driver’s license (including proceeding with the chemical test refusal hearing). The chemical test refusal hearing is currently scheduled to resume on February 22, 2007.
To establish entitlement to a preliminary injunction, the moving party must demonstrate “(1) the likelihood of success on the merits, (2) irreparable injury absent the granting of the preliminary injunction, and (3) a balancing of the equities in the movant’s favor” (Schweizer v Town of Smithtown, 19 AD3d 682, 682 [2005]; see also Miller v Price, 267 AD2d 363, 364 [1999]; Barone v Frie, 99 AD2d 129, 132 [1984]). Preliminary injunctive relief is a drastic remedy which will not be granted unless a clear right is established by undisputed facts and the burden of showing an undisputed right rests upon the movant (Miller, 267 AD2d at 364).
As noted above, given the statutory language of Vehicle and Traffic Law § 1194 and the case law considered by the court in denying the motion to dismiss, petitioner has arguably satisfied the requirement of showing a likelihood of success on the merits.
In support of his claim of irreparable injury, petitioner, through his attorney, has asserted that he is an attorney who critically needs his driver’s license to engage in his practice of law. Other than his attorney’s representation, petitioner himself has failed to provide the court with any factual support evidencing the amount of car travel necessitated by his profession and that he has no other form of transportation available to him (either in terms of public transportation or the ability of family members, partners or friends to transport petitioner). Accordingly, on the papers presently submitted before the court, petitioner has not established irreparable injury in the event he were to lose his driver’s license (Cubas v Martinez, 33 AD3d 96, 106 [2006] [plaintiffs’ affidavits asserting “economic disadvantage resulting from the inability to operate a motor vehicle, whether as a condition of employment or as a means to commute to a place of employment” did not sufficiently support a showing of irreparable injury]; see also Neos v Lacey, 291 AD2d 434 [2002]; Kurzban & Son v Board of Educ. of City of N.Y., 129 AD2d 756 [1987]).
*1054 Based on the foregoing, it is hereby ordered that respondent’s motion to dismiss the petition is denied; and it is further ordered that petitioner’s motion for a preliminary injunction is denied.

. Although respondent objects to the court’s consideration of petitioner’s surreply letter which encloses a copy of the transcript of the proceeding before respondent’s administrative law judge, the court has considered the transcript annexed to petitioner’s surreply based on petitioner’s counsel’s representation that a copy of the transcript was unavailable in time for it to be included in petitioner’s opposition to respondent’s motion to dismiss, and based on the lack of prejudice to respondent in the court’s consideration of the transcript.

. The Vehicle and Traffic Law specifically provides that upon presentation of such a refusal report, the court shall suspend the operator’s license pending the determination rendered after the chemical test refusal hearing (Vehicle and Traffic Law § 1194 [2] [b] [3]).

. In support of his position that the suspension was in error, petitioner cited 15 NYCRR 127.7 (f) (6), which provides that “[i]f the rescheduled hearing is adjourned at the request of a person other than the respondent, the respondent’s license or privilege shall be restored by the commissioner.”

. It is well settled that a petitioner must exhaust administrative remedies before seeking judicial review unless “an agency’s action is challenged as either unconstitutional or wholly beyond its grant of power ... or when resort to an administrative remedy would be futile ... or when its pursuit would cause irreparable injury” (Watergate II Apts. v Buffalo Sewer Auth., 46 NY2d 52, 57 [1978]). Here, petitioner’s allegations that respondent is acting without jurisdiction fall into the exhaustion exemption of an agency acting wholly beyond its grant of power. Furthermore, petitioner is asserting that he would be irreparably injured in the event he were to lose his driver’s license.

. (Hahn v Neth, 270 Neb 164, 699 NW2d 32 [2005]; Aamodt v North Dakota Dept. of Transp., 2004 ND 134, 682 NW2d 308 [2004]; Allen v Director of Revenue, 59 SW3d 636, 637 [Mo Ct App 2001]; Chase v State ex rel. Dept. of Pub. Safety, 795 P2d 1048 [Okla 1990]; Metcalf v State, Dept. of Motor Vehs., 11 Wash App 819, 525 P2d 819 [1974]; Wilcox v Billings, 200 Kan 654, 438 P2d 108 [1968]; but see People v Wiley, 333 Ill App 3d 861, 776 NE2d 856 [2002]; Pearson v Motor Veh. Div., Dept. of Transp., 181 Ariz 235, 889 P2d 28 [1995]; People v Rehfeldt, 103 Ill App 3d 368, 431 NE2d 450 [1982]; Volck v Muzio, 204 Conn 507, 529 A2d 177 [1987].) The court notes that, although the decisions turn on a lack of jurisdiction based on the deficient report, the statutes in some of those states operate somewhat differently than New York’s statute.

. At the chemical test refusal hearing, the ALJ must answer the following questions in the affirmative before a license may be revoked:
“(1) did the police officer have reasonable grounds to believe that the person had been driving in violation of the Vehicle and Traffic Law § 1192; (2) was the arrest lawfully made; (3) was the person given sufficient warning in clear language that refusal to submit to a chemical test would result in the revocation of her license; and (4) did the person refuse to submit to the test” (Matter ofZwack v Passidomo, 108 AD2d 1009, 1009 [1985]).

. The court agrees with respondent that to the extent the petition is seeking an order granting mandamus relief compelling the ALJ to grant petitioner’s motion to dismiss the chemical test refusal hearing, the petition fails to state a claim since it does not involve a ministerial act required by law to be performed, i.e., the ALJ has the ultimate discretion to decide applications before her in whatever way she sees fit (Matter of Hamptons Hosp. & Med. Ctr. v Moore, 52 NY2d 88 [1981]; Matter of Baumann v Administration Adjudication Bur. of Suffolk County, 100 Misc 2d 608 [1979]).