■ In the Matter of WILBUR HILDRETH, Petitioner, v NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES APPEALS BOARD et al., Respondents. [921 NYS2d 137]—

Proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Department of Motor Vehicles Appeals Board dated September 29, 2009, which affirmed a decision of an Administrative Law Judge dated January 9, 2009, following a hearing, to revoke the petitioner's driver's license pursuant to Vehicle and Traffic Law § 1194 for refusal to submit to a chemical blood-alcohol test.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

On May 24, 2008, the petitioner was arraigned on charges of refusal to submit to a chemical blood-alcohol test (see Vehicle and Traffic Law § 1194 [2]) following his arrest on suspicion of driving while intoxicated. Pursuant to Vehicle and Traffic Law § 1194 (2) (b) (3), the petitioner's driver's license was suspended pending a revocation hearing; however, the next day, the New York State Department of Motor Vehicles (hereinafter the DMV) stayed the suspension until the hearing date. On January 9, 2009, after a hearing, an Administrative Law Judge (hereinafter the ALJ) found that the statutory conditions mandating administrative revocation of the petitioner's license were met (see Vehicle and Traffic Law § 1194 [2] [c]), and revoked the petitioner's driving privileges for a period of one year. The petitioner appealed to the DMV's Appeals Board, and the revocation of his license was again stayed pending the determination. The Appeals Board upheld the ALJ's decision. Thereafter, the petitioner commenced this CPLR article 78 proceeding to review the determination revoking the license. We deny the petition and dismiss the proceeding.

" 'In order to annul an administrative determination made after a hearing, a court must conclude that the record lacks substantial evidence to support the determination' " (Matter of Ammann v Odestick, 73 AD3d 915, 915 [2010], quoting Matter of Ward v Juettner, 63 AD3d 748, 748 [2009]; see Matter of Kelly v Safir, 96 NY2d 32, 38 [2001]). Substantial evidence is "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180 [1978]). " 'The courts may not weigh the evidence or reject the choice made by [an administrative agency] where the evidence is conflicting and room for choice exists' " (Matter of Berenhaus v Ward, 70 NY2d 436, 444 [1987], quoting Matter of Stork Rest. v Boland, 282 NY 256, 267 [1940]; see Matter of Scara-Mix, Inc. v Martinez, 305 AD2d 418 [2003]).

Here, the petitioner argues that the ALJ's finding that the arresting officer had reasonable grounds to believe that the petitioner was driving in violation of Vehicle and Traffic Law § 1192 is unsupported by the record, asserting that there was no proof that he was driving on a "public highway" or in a "parking lot" within the purview of the statute (Vehicle and Traffic Law § 1192 [7]). Contrary to the petitioner's contention, the record does contain such evidence. The arresting officer testified at the hearing that he observed the petitioner pull into a parking lot. Under the circumstances, it was reasonable to infer that prior to pulling into the parking lot, the petitioner had been driving on the public roadway. Accordingly, the officer's testimony was sufficient to sustain the ALJ's determination (see Matter of Craig v Swarts, 68 AD3d 1407, 1409 [2009]; Matter of Pernick v New York State Dept. of Motor Vehs., 217 AD2d 630 [1995]; Matter of Miranda v Adduci, 172 AD2d 526 [1991]).

We also reject the petitioner's claim that the proceeding should have been dismissed for failure to hold a hearing within a reasonable time as required under the State Administrative Procedure Act § 301 or within six months from the date the DMV received notice of his chemical test refusal as required under 15 NYCRR 127.2 (b) (2). Time limitations imposed on administrative agencies by their own regulations are not mandatory (see Matter of Dickinson v Daines, 15 NY3d 571, 575 [2010]). Absent a showing of substantial prejudice, a petitioner is not entitled to relief for an agency's noncompliance (id. at 577). Accordingly, a petitioner must demonstrate substantial prejudice in order to challenge a delayed chemical test refusal hearing under section 301 (1) of the State Administrative Procedure Act (see Matter of Geary v Commissioner of Motor Vehs. of State of N.Y., 92 AD2d 38, 40 [1983], affd 59 NY2d 950 [1983]; Matter of Pitta v Commissioner of Motor Vehs. of State of N.Y., 121 AD2d 545 [1986]; Matter of Correale v Passidomo, 120 AD2d 525 [1986]). As the petitioner retained his driving privileges while awaiting the hearing, he was not prejudiced by the delay (see Matter of Geary v Commissioner of Motor Vehs. of State of N.Y., 92 AD2d at 40; Matter of Pitta v Commissioner of Motor Vehs. of State of N.Y., 121 AD2d at 545; Matter of Mullen v New York State Dept. of Motor Vehs., 144 AD2d 886, 888 [1988]).

Unlike the constitutional right to confrontation in criminal matters, parties in administrative proceedings have only a limited right to cross-examine adverse witnesses as a matter of due process (see Matter of Gordon v Brown, 84 NY2d 574, 578 [1994]; Matter of Sookhu v Commissioner of Health of State of

*N.Y.*, 31 AD3d 1012, 1014 [2006]). The ALJ providently exercised her discretion in limiting the petitioner's cross examination of the arresting officer on questions that he had previously answered or were irrelevant to the proceeding (*see Matter of Friedel v Board of Regents of Univ. of State of N.Y.*, 296 NY 347, 352-353 [1947]; *Matter of Yoonessi v State Bd. for Professional Med. Conduct*, 2 AD3d 1070, 1072 [2003]).

The petitioner's remaining contention is without merit. Rivera, J.P., Dickerson, Lott and Cohen, JJ., concur.